JUSTIN HEWGILL (259528)
**HEWGILL COBB & LOCKARD, APC**
1620 5th Avenue, Suite 325
San Diego, CA 92101
Phone: (619) 432-2520;
Fax: (619) 488-6944
contact@hcl-lawfirm.com

Ben Travis (305641)
**BEN TRAVIS LAW, APC**
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
Phone: (619) 353-7966
ben@bentravislaw.com

Attorneys for Plaintiffs Shannon Brown
and Tami Okada

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANNON BROWN, an individual; TAMI OKADA, an individual, on behalf of themselves and all others similarly situated | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| TESLA, INC. d/b/a TESLA MOTORS, INC.; and DOES 1 through 10, Inclusive, | **CLASS ACTION** |
| Defendants. | |

Plaintiffs SHANNON BROWN and TAMI OKADA ("Plaintiffs"), by and through their attorneys, brings this class action on behalf of themselves, and all other similarly situated non-exempt employees who are or were employed in California by TESLA, INC. d/b/a TESLA MOTORS, INC. ("Tesla") and DOES 1 through 10 (collectively "Defendants"), inclusive between four years prior to the date of the filing of this action through the date of final disposition of this action. Plaintiffs hereby allege, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## **INTRODUCTION**

1.     This California-based class action is brought on behalf of Plaintiffs and the Class [1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.     Defendant Tesla is a large car manufacturer which operates distribution center warehouses and assembly facilities throughout the state of California and employs numerous employees at those warehouses and assembly facilities.

3.     Plaintiff Shannon Brown worked as a non-exempt material handler at Defendants' Fremont Boulevard warehouse in Fremont, California from in or around November 2022 through in or around February 2023.

4.     Plaintiff Tami Okada worked as a non-exempt production associate at Defendants' Page Avenue and Fremont Boulevard warehouses in Fremont, California from in or around February 2022 through in or around March 2023.

5.     Defendants compensated Plaintiffs at an hourly rate of pay. Defendants also compensated Plaintiffs on a regular basis with bonuses.

6.     Plaintiffs worked five days a week during most weeks. Plaintiffs regularly worked more than eight hours a day and more than 40 hours a week.

7.     Defendants denied Plaintiffs and other non-exempt employees in

---

[1] The "Class" is defined in paragraphs 65-69.

California specific rights afforded to them under the California Labor Code, and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order").

8.    Defendants failed to provide full timely uninterrupted meal breaks, and failed to provide a second meal break when Plaintiffs and similarly situated employees worked shifts of 10 or more hours. Plaintiffs and other Class members were required to clock out on time clocks for meal breaks but it took approximately 10 minutes to go each way to and from the cafeteria after clocking out. Accordingly, Plaintiffs and other Class members were provided with meal breaks of less than 30 minutes.

9.    Defendants failed to authorize and permit Plaintiffs and other Class members legally adequate rest breaks. They did this by failing to provide sufficient break time to allow Plaintiffs and other Class members to travel from the time clock to a break area or restroom (and return) and still have a full ten minute uninterrupted break relieved of all duty. Furthermore, Plaintiffs and other Class members were required to complete their processes, put their tools away, plug in their tuggers and make sure nothing was in the car they were working on before they could go on break. If they were in the middle of a process, they would need to finish it before going on break. This resulted in Plaintiffs and other Class members not taking full rest breaks, as all employees were required to take their rest breaks at the same time.

10.    Furthermore, despite Plaintiffs and other Class members regularly earning bonuses, Defendants did not properly include all those bonuses in the calculation of their regular rates of pay. Therefore, Defendants did not pay Plaintiffs and other Class members overtime pay, sick and vacation pay and meal and rest break premiums at the correct hourly rates.

11.    Additionally, Defendants required Plaintiffs and other Class members to work off-the-clock, including but not limited to, working through meal breaks or meal breaks being interrupted, working before their shifts including the time spent before shifts conducting checks on their equipment and replacing batteries to be ready on time. In addition, Plaintiffs and other Class members when they arrived at the warehouse,

were required to badge in, then go to a security desk where their badge was then checked,  then badge in at another door, then walk through part of the warehouse, then badge through another door and then finally they reached a time clock where they would need to wait for others to clock in ahead of them. It took them approximately 15 minutes just to get to the time clock from when they entered the facility. At the end of their shifts, Plaintiffs and other Class members needed to go through this process again after clocking out. Defendants did not pay Plaintiffs and other Class members for these hours worked.

12.     Defendants also required Plaintiffs and other Class members to purchase steel-toed boots for work purposes and did not reimburse them for those business expenses.

13.     Derivatively, Defendants failed to pay Plaintiffs and similarly situated employees all wages owed timely during employment and upon termination of employment and failed to and continues to fail to provide accurate wage statements and maintain accurate records as required by California law.

14.     Defendants also violated the California quota laws by failing to provide employees with written descriptions of each quota and any potential adverse employment action that could result from failure to meet the quota. Defendants also violated the quota laws by requiring employees to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities, and by taking adverse employment actions against employees, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them.

15.     Finally, Defendants failed to provide places of employment that were safe and healthful, by forcing employees to work in the heat without air conditioning.

16.     Upon information and belief, the above practices are uniform at all

distribution facilities in the State of California and are still ongoing.

17.   In order to redress the harms suffered, Plaintiffs, on behalf of themselves and the Class, bring claims associated with Defendant's violations of the California Labor Code and the applicable IWC Wage Order, including: (1) failure to pay all minimum, regular rate and overtime wages for off-the-clock work;  (2) failure to pay all wages at legally sufficient rates; (3) failure to provide meal periods in violation of Labor Code §§226.7 and 512; (4) failure to provide rest periods in violation of Labor Code §226.7;  (5) failure to reimburse for required business expenses; (6) failure to provide accurate wage statements in violation of Labor Code §226; (7) failure to timely pay wages when due at termination in violation of Labor Code §§201 and 202; (8) failure to comply with California quota laws in violation of Labor Code § 2100 *et seq.*; and (9) violation of the Unfair Competition Law ("UCL") pursuant to Business & Professions Code §17200, et seq.

## JURISDICTION AND VENUE

18.   Thes Court has personal jurisdiction over Plaintiffs because their domiciles are in California.

19.   This Court has personal jurisdiction over Defendant because Defendant has conducted and continues to conduct substantial business in California, employs numerous individuals in California, and has intentionally availed itself of the laws and markets of California through the operation of its business in California.

20.   This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiffs (California) and Defendant Tesla (Delaware, Texas) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

21.   Venue is proper in this Court because Defendant Tesla employs numerous individuals in this District. Further, Plaintiffs reside in this District, and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

### A. PLAINTIFF

22.     Plaintiff Brown is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of Sacramento County in the State of California.

23.     Plaintiff Okada is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of Sacramento County in the State of California.

24.     Plaintiffs each worked at Defendants' facilities in San Joaquin County and Alameda County.

### B. DEFENDANTS

25.     Defendant Tesla is a Delaware Corporation with its principal place of business in Texas.

26.     On information and belief, Defendants operate assembly and distribution center warehouses throughout the State of California and employ numerous employees in those warehouses.

27.     Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiffs' and other Class members' wages, hours, and working conditions.

28.     Based on information and belief, wage and hour policies, including those which caused violations of California law alleged in this Complaint, were drafted and administered centrally between the various Defendants. Additionally, Defendants, each, had knowledge of the wage-and-hour violations alleged herein and each defendant had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

29.     Plaintiffs do not know the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sue these defendants by such fictitious

names. Plaintiffs will amend their Complaint to allege the true names and capacities when they are ascertained.

30.    Plaintiffs believe and thereon allege that each "Doe" Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and their acts.

31.    Plaintiffs are informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

32.    The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and have caused, and will continue to cause, Plaintiffs' economic damage in an amount to be proven at trial.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

33.    Defendants operate distribution center warehouses and assembly centers throughout the State of California. Workers at those warehouses are provided with pallet jacks or forklifts and are given assignments to complete. The assignments consist of moving their pallet jacks up and down aisles in enormous warehouses, taking items off the shelves and loading them onto pallets to be ultimately shipped to customers and/or retail stores, or delivered to assembly lines for assembly workers to assemble or otherwise work on. Assembly workers are required to work at a station and assemble parts which are delivered by warehouse workers to assembly lines.

### Off-the-clock Work

34.    Employees are also required to work time off-the-clock both before and after their shifts.

35.   Defendants required Plaintiffs and other Class members to work off-the-clock, including but not limited to, working through meal breaks or meal breaks being interrupted.

36.   Additionally, Plaintiffs and other Class members are required to be ready to start their assignments at the starting time of their shift. If they are not ready, they are disciplined by Defendants. Accordingly, Plaintiffs and other Class members worked before their shifts including the time spent before shifts conducting checks on their equipment and replacing batteries to be ready on time.

37.   In addition, Plaintiffs and other Class members when they arrived at the warehouse, were required to badge in, then go to a security desk where their badge was then checked,  then badge in at another door, then walk through part of the warehouse, then badge through another door and then finally they reached a time clock where they would need to wait for others to clock in ahead of them. It took them approximately 15 minutes just to get to the time clock from when they entered the facility. At the end of their shifts, Plaintiffs and other Class members needed to go through this process again after clocking out.

38.   Defendants did not pay Plaintiffs and other Class members for these hours worked.

**Failure to Accurately Calculate the Regular Rate of Pay and Therefore Failure to Pay all Wages at Legally Required Rates**

39.   Defendants regularly paid various types of bonuses.

40.   However, Defendants failed to incorporate those bonuses into the appropriate calculations of the regular rate of pay for: overtime premium wages; missed meal and rest period wages; sick leave wages; and vacation wages.

**Meal Breaks**

41.   Defendants required employees to take a 30 minute meal break within a 35 or 45 minute period, but the time clocks are not in the break areas, rather employees clock out and then walk several minutes to the break areas, and then walk several

minutes back to the clock at the end of breaks. This results in breaks being less than 30 minutes.

42.   Plaintiffs and Class members are owed premiums for all of these missed meal periods.

**Rest Breaks**

43.   Defendant only provides Plaintiffs and other Class members 10 minutes for rest breaks, but with both warehouse and assembly workers there are tools that have to be put away and stored and then the employee has to walk to the break area. As such, it is not possible for employees to get full 10 minute breaks.

44.   Plaintiffs and other Class members are owed premiums for those missed rest periods.

**Paid Sick Leave and COVID-19 Supplemental Paid Sick Leave**

45.   California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave and COVID-19 supplemental paid sick leave to employees.

46.   Defendants failed to provide paid sick leave to Plaintiff and other Class members in accordance with California law.

47.   In failing to provide paid sick leave and COVID-19 supplemental paid sick leave, Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

48.   Alternatively, Defendants failed to pay sick leave at the correct rate required by law, and failed to provide accurate notices of accrued benefits as required by law.

**Unreimbursed Expenses**

49.   Defendants also require employees to purchase steel-toed boots which they must use when working in the warehouses. Defendants do not reimburse them for the cost of these items.

**Violation of Quota Laws**

50.    On information and belief, at the distribution facility and assembly line in which Plaintiffs worked for Defendants, Defendants employed or exercised control over the wages, hours, or working conditions of 100 or more employees at any given point in time, during the Class period, and therefore, Defendants fall under California's law regulating the use of quotas at distribution facilities.

51.    Defendants did not provide a written description of each quota to which Plaintiffs and Class members were subject, including the quantified number of tasks to be performed or materials to be produced or handled, within the defined time period, and any potential adverse employment action that could result from failure to meet the quota.

52.    Defendants also required Plaintiffs and Class members to meet a quota that prevents compliance with meal or rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom facilities.

53.    Defendant also took adverse employment action against Class members for failure to meet such quotas.

54.    Plaintiffs are informed and believes that all of the above practices they experienced were not unique to them but rather were companywide policies and practices at all distribution facilities in the State of California and were suffered by all non-exempt employees.

**Failure to Provide a Safe and Healthful Workplace**

55.    Defendants operate using a quota system, which is illegal and can and should be enjoined under Labor Code seq. § 2100. This quota, because it denies proper access to rest breaks and bathroom time, causes employees to have to work at speeds beyond those which are safe and without proper periods of rest, causing unnecessary injuries. Plaintiffs suffered one of those such injuries.

56.    Additionally, California Code of Regulations, Title 8 § 3364 (b) states "Toilet facilities shall be kept clean, maintained in good working order and be

accessible to the employees at all times. Where practicable, toilet facilities should be within 200 feet of locations at which workers are regularly employed and should not be more than one floor-to-floor flight of stairs from working areas."

57.   Defendants failed to provide places of employment that were safe and healthful for the employees therein, in violation of the Cal/OSHA requirements found within Title 8 of the California Code of Regulations and the aforementioned California Labor Code sections, by not providing toilet facilities that are accessible to employees at all times.

58.   Additionally IWC Order 15 requires facilities to be kept at safe temperatures. Defendants have and do fail to maintain safe temperatures at its distribution center warehouses and assembly facilities.

**Wage Statements**

59.   Because of Defendants' failure to record all hours worked and failure to pay all wages and premiums owed, the wage statements it issues to employees are incorrect.

60.   The wage statements also do not accurately state the name and address of the employer.

**Termination of Employment**

61.   When Plaintiffs' employment with Defendants ended, respectively, Defendants failed to pay each of them all money that they were owed, as a result of not paying them for off-the-clock work, not paying wages at legally required rates and not paying meal and rest break premiums as alleged above.

62.   Plaintiffs are informed and believe that the above practices they experienced were not unique to them but rather were companywide policies and practices at all distribution facilities in the State of California and were suffered by all non-exempt employees.

63.   Plaintiffs are informed and believe that the unlawful wage and hour policies described in this action are set centrally and are applicable through-out

California.

64.   Plaintiffs are informed and believes that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

65.   Plaintiffs bring this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Non-Exempt current and former employees of Defendant
> who were employed at a warehouse in California during the
> Class Period.

66.   "Non-Exempt" means employees that are not exempt from California wage and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

67.   "Class Period" means the period from four years prior to the filing of this action through the date of final disposition of this action.

68.   "Warehouse" means a facility in which goods are warehoused and distributed from, as well as assembly and manufacturing facilities.

69.   Excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

70.   Plaintiffs reserve the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

71.   **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several thousand class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

72.   **Predominance of Common Questions:** There are multiple questions of

law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

a) Failed to pay Plaintiffs and members of the Class all of their earned wages and compensation;

b) Failed to authorize and permit Plaintiffs and members of the Class to take all rest periods to which they were entitled by the applicable laws;

c) Failed to provide Plaintiffs and members of the Class the opportunity to take all meal periods to which they were entitled by the applicable laws;

d) Failed to track Class members' meal periods;

e) Failed to pay Plaintiffs and members of the Class one hour of pay at their regular rate of compensation for each earned rest period not permitted and/or each earned meal period not provided;

f) Failed to timely pay Plaintiffs and members of the Class all their earned wages and compensation;

g) Failed to furnish to Plaintiffs and members of the Class accurate, itemized wage statements compliant with Labor Code §226;

h) Failed to timely pay Plaintiffs and members of the Class all of their earned wages, compensation and benefits immediately upon termination of their employment or within seventy-two hours of them quitting;

i) Failed to reimburse employees for the purchase of steel-toed boots; and/or

j) Failed to comply with California quota laws.

73. The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) Defendants' legal obligation to permit members of the Class to take paid rest periods of ten (10) consecutive, uninterrupted minutes for shifts of at least four hours or major fraction thereof and a second rest period for shifts in excess of six hours;

c) Defendants' legal obligation to provide members of the Class the opportunity to take meal periods of thirty (30) consecutive, uninterrupted minutes for shifts in excess of five hours and a second meal period for shifts in excess of ten hours;

d) The Class members' entitlement to one hour of pay at the members' regular rate of compensation for each paid ten (10) consecutive minute, uninterrupted, rest period that Defendants did not permit the Class members to take;

e) The Class members' entitlement to one hour of pay at his/her regular rate of compensation for each thirty (30) consecutive minute, uninterrupted, meal period that Defendants did not provide;

f) The requirements for a wage statement to be compliant with Labor Code §226; and/or

g) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not timely paid all earned minimum, regular and overtime wages, compensation and benefits; were not paid all wages and premium compensation earned at the time of the termination of their employment relationship with Defendant; were not provided lawful wage statements; were not permitted to take earned ten (10) minute rest periods; were not provided earned thirty (30) minute meal periods;

74. **Typicality:** Plaintiffs' claims are typical of the claims of the Class because

Plaintiffs and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

75. **Adequacy:** Plaintiffs are adequate representatives of the Class because they are  members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs are represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class Counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiffs and Class Counsel can fairly and adequately protect the interests of all of the Members of the Class.

76. **Superiority:** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

### Failure to Pay all Regular and Overtime Wages (Off-the-Clock Work)
### [Cal. Labor Code §§ 200, 204, 510, 1194 & 1198]

77. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

78. Labor Code section 1194(a) states "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

79.   Labor Code section 1197 states "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

80.   Labor Code section 1197.1 (a) states "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203..."

81.   As provided for in Section 1197.1(a)(1), for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

82.   Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

83.   Section (B) of the "Minimum Wages" provision of the applicable IWC Wage Order states "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

84.    As set forth above, Defendants required Plaintiffs and other Class members to work off-the-clock. Plaintiffs and Class members regularly worked more than eight hours a day and more than 40 hours a week, however, Defendants did not compensate Plaintiff and the Class members for the time spent working for Defendants before they clocked in.

85.    As such, Plaintiffs and other Class members are owed wages for those unpaid hours.

86.    Plaintiffs and other Class members are entitled to recover from Defendants all of such unpaid regular pay, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION

**Failure to Pay All Wages at Legally Sufficient Rates (Base Rate Calculations)**

**[Cal. Labor Code §§ 245-249, 226.7, 227.3, 510, 512]**

87.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

**Failure to Pay Overtime Wages at Legally Sufficient Rates (Labor Code § 510):**

88.    Labor Code section 510 requires overtime be paid after 8 hours in a day at the rate of no less than one and one-half times the regular rate of pay for an employee. The applicable IWC Wage Order at item 20 provides for the same requirement.

89.    Defendants failed to fully compensate Plaintiffs and other members of the Class for all overtime wages they earned.

90.    Specifically, Defendants failed to include the earned bonuses when calculating the regular rate of pay in order to calculate overtime compensation.

91.    Plaintiffs are informed and believe, and thereon allege that the failure of Defendants to fully compensate Plaintiffs and other members of the Class for overtime work was willful, purposeful, and unlawful and done in accordance with the

1   policies and practices of Defendants' operations.

2       92.    As a proximate cause of the aforementioned violations, Plaintiffs and

3   other members of the Class have been damaged in an amount according to proof at

4   time of trial. Plaintiffs and the other members of the Class are entitled to recover the

5   unpaid balance of wages owed, penalties, including penalties available pursuant to

6   California Labor Code §558, plus interest, reasonable attorney fees and costs of suit

7   according to the mandate of California Labor Code §§1194, et seq.

8   **Failure to Pay Rest and Meal Period Premium Wages at Legally Sufficient Rates**

9   **(Labor Code §§ 226.7, 512):**

10      93.    Labor Code § 512(a) states, "An employer may not employ an employee

11  for a work period of more than five hours per day without providing the employee

12  with a meal period of not less than 30 minutes, except that if the total work period per

13  day of the employee is no more than six hours, the meal period may be waived by

14  mutual consent of both the employer and employee. An employer may not employ an

15  employee for a work period of more than 10 hours per day without providing the

16  employee with a second meal period of not less than 30 minutes except that if the

17  total hours worked is no more than 12 hours, the second meal period may be waived

18  by mutual consent of the employer and the employee only if the first meal period was

19  not waived."

20      94.    Section (A) of the "Meal Period" provision of the applicable IWC Wage

21  Order states, "No employer shall employ any person for a work period of more than

22  five (5) hours without a meal period of not less than 30 minutes, except that when a

23  work period of not more than six (6) hours will complete the day's work the meal

24  period may be waived by mutual consent of the employer and the employee. An

25  employer may not employ an employee for a work period of more than ten (10) hours

26  per day without providing the employee with a second meal period of not less than 30

27  minutes, except that if the total hours worked is no more than 12 hours, the second

28  meal period may be waived by mutual consent of the employer and the employee

only if the first meal period was not waived.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered and 'on duty' meal period and counted as time worked.'" Section (D) states "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

95.   Labor Code § 226.7 states: "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

96.   On July 15, 2021, the California Supreme Court held in *Ferra v. Loews Hollywood Hotel, LLC*, (2021) 11 Cal. 5th 858, that the term "regular rate of compensation" under § 226.7(c) is equivalent to the term "regular rate of pay" under Labor code § 510(a). Accordingly, the meal and rest break premiums owed must be paid at the same rate as would be required under Labor Code § 510(a). On the rare occasions that Defendants actually paid meal break premiums, those premiums were only paid at the basic hourly rate and did not account for any bonuses paid. Accordingly, Defendants violated Labor Code § 226.7(c).

97.   Because of the unlawful acts of Defendants, Plaintiffs and other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiffs and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c); the applicable IWC Wage Order, ¶11(B).

**Failure to Pay Sick Leave at Legally Sufficient Rates (Cal. Labor Code §§ 245-**

**249):**

98.   Pursuant to the California Healthy Workplaces Healthy Families Act, ARTICLE 1.5. 'Paid Sick Days' [sections §§ 245-249] requires employers to provide paid sick leave to employees. Labor Code § 246(l)(1)-(2) mandates that sick leave be calculated in the same fashion that overtime base rates are calculated for the pay period sick leave is used, or in a 90-day period in which the sick leave is used. In either case, the rate should be calculated by dividing the sum of all wages by total hours. However, Defendants refuse to include all wages earned (including bonuses) in the calculations, and instead pays sick leave at the employee's simple hourly rates. Plaintiffs and other class members are therefore owed compensation for these improperly paid sick time hours.

99.   In failing to pay the proper sick leave rate, Defendants also violated the requirement under Labor Code § 246(i) to provide with the employee wage statements the number of hours earned and used at the appropriate and accurate rates.

**Failure to Pay Vacation Pay at Legally Sufficient Rates (Cal. Labor Code §§ 227.3):**

100.  Labor Code § 227.3 provides that "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

101.  Plaintiffs and certain Class members have either resigned from Defendants' employ or had their employment terminated by Defendants. At all

relevant times, Defendants have had an established written policy, practice, or agreement to provide paid vacation to their warehouse employees employed in the State of California wherein employees receive additional compensation in the form of vacation time, which they can use to take time off from work with compensation. Upon resignation or termination, Defendants paid Plaintiffs and the other Class members vested vacation time at an hourly rate of pay that was lower than their final regular hourly rates of pay, because Defendants failed to include earned commissions when calculating the regular rate of pay, in violation of Labor Code § 227.3.

102.  Plaintiffs and other Class members are entitled to payment of their vested, but unused vacation time compensation at the correct rate upon resignation or termination.

### THIRD CAUSE OF ACTION

### Failure to Provide Meal Breaks or Compensation in Lieu Thereof
### [Cal. Labor Code §§ 226.7 & 512]

103.  Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

104.  Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004, 1040. If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.* Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11. If the employer fails to

provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

105.   Plaintiffs contend that as a policy, practice, guideline and/or procedure, Defendants failed to provide meal breaks to their employees. Specifically, Defendants set up its system such that an employee was penalized for trying to take a full 30-minute meal period. Therefore, employees were prevented from taking meal breaks. As such, Plaintiffs and other Class members were not relieved of duty and were not provided legally adequate meal breaks.

106.   Because of the unlawful acts of Defendants, Plaintiffs and the other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of. Plaintiffs and the other Class members are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c) and the applicable IWC Wage Order, ¶11(B).

107.   Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FOURTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Breaks or Compensation in Lieu Thereof
### [Cal. Labor Code § 226.7]

108.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

109.   The applicable IWC Wage Order, item 12 requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269. Additionally, a lawful off-duty rest period is not provided where an

employer fails to relinquish control over how employees spend their time. *Id*. Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. *See also* the applicable IWC Wage Order.

110.  As set forth above, Defendants consistently did not authorize and permit full 10-minute off-duty rest breaks.

111.  Because of the unlawful acts of Defendants, Plaintiffs and the Class have been deprived of wages, which is an amount resulting directly from the acts complained of. Plaintiffs and other members of the Class are entitled to recover one additional hour of pay at his or her regular rate of compensation for each workday that the rest period was not permitted, plus interest thereon and costs of suit in an amount to be proven at or following trial of this matter. *See,* the applicable IWC Wage Order, ¶12(B).

112.  Plaintiffs and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## **FIFTH CAUSE OF ACTION**

### **Failure to Reimburse Expenses**

### **[Cal. Labor Code § 2802]**

113.  Plaintiffs re-allege and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

114.  Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

115.  Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.

1  Interest shall accrue from the date on which the employee incurred the necessary
2  expenditure or loss."

3      116. Furthermore, Labor Code section 2802(c) states "[f]or purposes of this
4  section, the term 'necessary expenditures or losses' shall include all reasonable costs,
5  including, but not limited to, attorney's fees incurred by the employee enforcing the
6  rights granted by this section."

7      117. Defendants required Plaintiffs and other Class members to purchase steel-
8  toed boots as a condition of employment. Plaintiff and other Class members were not
9  reimbursed for this necessary expense which was required for the benefit of their
10  employer.

11      118. Defendants did not compensate Plaintiffs and Class members for these
12  costs incurred in the discharge of their duties and they are entitled to recover these
13  expenses.  Plaintiffs and other Class members also seek recovery of interest, attorney's
14  fees and costs to the extent allowed by law.

15                    **SIXTH CAUSE OF ACTION**
16              **Failure to Provide Accurate Wage Statements**
17                    **[Cal. Labor Code § 226]**

18      119. Plaintiffs re-allege and incorporate by reference each and every allegation
19  contained in the preceding and subsequent paragraphs as though fully set forth herein.

20      120. Labor Code § 226(a) states in pertinent part that every employer shall
21  provide an accurate itemized statement in writing with respect to each one of its
22  employees showing: 1) gross wages earned; 2) total hours worked by an employee,
23  except for any employee whose compensation is solely based on a salary and who is
24  exempt from payment of overtime under subdivision (a) of Section 515 or any
25  applicable order of the Industrial Welfare Commission; (3) the number of piece rate
26  units earned and any applicable piece rate if the employee is paid on a piece-rate
27  basis; (4) all deductions, provided that all deductions made on written orders of the
28  employee may be aggregated and shown as one item; (5) net wages earned; (6) the

inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

121.  Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars·($1,000) per employee for each violation in a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

122.  In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

123.  Section (B) of the "Records" provision of the applicable IWC Wage Order states that "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and ( 4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

124.  Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to,

employees employed at the respective establishments. These records shall be kept on file for not less than three years. Labor Code § 1174.5 provides for a civil penalty of five hundred dollars ($500) for an employer who willfully fails to maintain the records pursuant to Labor Code section l 174(d).

125.  Sections (7)(A)( 4) and (5) of the "Records" provision of the applicable IWC Wage Order provides that employers shall keep accurate information with respect to each employee, including total wages paid each payroll period, total hours worked during the payroll period, and applicable rates of pay, as well as time records showing when each employee begins and ends each work period. The time records must also show meal periods, split shift intervals, and total daily hours worked.

126.  Defendants failed to maintain records as set forth in § 1174 of the Labor Code and the "Records" section of the applicable IWC Wage Order including but not limited to, accurately recording applicable rates of pay.

127.  Defendants also failed to provide accurate itemized wage statements as required by Labor Code §226.

128.  Due to Defendants not paying for all hours worked, not paying at legally required rates and not paying meal and rest period premiums, Defendants do not record proper hours and wages, and does not provide legally compliant wage statements accurately accounting for hours, wages, deductions, etc.. Nor do the wage statements properly state the name and address of the legal entity that is the employer.

129.  Labor Code §§226(e) and (h) provide for the remedy for wage statement violations:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

130.   By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, ¶7, Defendants have injured Plaintiffs and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiffs and the Class.

131.   Because of Defendants' unlawful acts, Plaintiffs and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Lab. Code §226(e)-(h).

## SEVENTH CAUSE OF ACTION

### Failure to Pay All Wages Due Upon Termination

### [Cal. Labor Code §§ 201-203]

132.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

133.   Labor Code § 201 states "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.   Labor Code § 202 states "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

135.   Labor Code § 203(a) states, in relevant part; "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3,

201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

136.  Labor Code § 204(a) states in pertinent part "All wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

137.  Defendants failed to pay Plaintiffs and the other Class members all minimum, regular, overtime, and meal and rest period wages due and owing during and upon termination of employment. Defendants willfully failed to pay all wages when required by §§ 201 and 202 of the Labor Code.  Therefore, Defendants owe waiting time penalties to all affected employees including Plaintiffs.

138.  Defendants failed to pay earned wages to Plaintiffs and members of the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants. More than 30 days have passed since Plaintiffs and members of the Class have been terminated and/or quit Defendants' employ.

139.  Because of Defendants' willful conduct in not paying all wages due upon discharge and/or resignation of employment, Plaintiffs and the other members of the Class are entitled to 30-days' wages as a penalty under Labor Code §203, plus interest thereon. Pursuant to Labor Code §218.5, Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Comply with California Quota Laws
### [Cal. Labor Code § 2100 *et seq.*]

140.  Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

141.  Labor Code § 2101 provides that each employer that employs 100 or more employees at a single warehouse distribution center in California, or 1,000

employees at one or more warehouse distribution centers in California, shall provide upon hire or within 30 days of the effective date of this part, a written description of each quota to which the employee is subject, including the quantified number of tasks to be performed or materials to be produced or handled, within the defined time period, and any potential adverse employment action that could result from failure to meet the quota.

142.  Labor Code § 2102 provides that an employee shall not be required to meet a quota that prevents compliance with meal or rest periods, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest periods, or occupational health and safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101.

143.  Labor Code § 2103 provides:

> (a) Any actions taken by an employee to comply with occupational health and safety laws in the Labor Code or division standards shall be considered time on task and productive time for purposes of any quota or monitoring system.

> (b) Notwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call.

144.  Defendants failed to provide employees with a written description of applicable quotas and any potential adverse employment action that could result from failure to meet the quota. Defendants also required Plaintiffs and other Class members to meet quotas that prevented compliance with meal and rest periods and use of bathroom facilities, including reasonable travel time to and from bathroom

facilities. Similarly, the quota system prevented Plaintiffs and other Class members from taking breaks because it failed to account for or treat time traveling to and from break areas as productive in the quota such that Plaintiffs and other Class members were penalized under the quota for taking breaks.

145.  Defendants took adverse employment actions against Plaintiffs and other Class members, including termination, for failure to meet a quota that did not allow them to take meal and rest periods and use the bathroom facilities, including reasonable travel time to and from bathroom facilities, and for failure to meet a quota that had never been disclosed to them as required by § 2101.

146.  Labor Code § 2108 provides that "[a] current or former employee may bring an action for injunctive relief to obtain compliance with Sections 2101 to 2104, inclusive, and may, upon prevailing in the action, recover costs and reasonable attorney's fees in that action. In any action involving a quota that prevented the compliance with regulations promulgated by the Occupational Safety and Health Standards Board, the injunctive relief shall be limited to suspension of the quota and any adverse action that resulted from its enforcement."

147.  Plaintiffs on behalf of themselves and other Class members seek injunctive relief for Defendants' violation of the quota laws.

148.  Plaintiffs also seek costs and reasonable attorneys' fees.

### NINTH CAUSE OF ACTION

**Violation of the Unfair Competition Law**

**[Business & Professions Code § 17200 *et seq.*]**

149.  Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

150.  Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200, *et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

151.  Defendants have conducted the following unlawful activities:

a)  violations of Labor Code §§ 200, 204, 510, 1194 & 1198 by requiring Plaintiffs and the Class to work off-the-clock and not paying them minimum and overtime wages for those hours worked;

b)  violations of Labor Code §§ 245-249, 226.7, 227.3, 510, 512, by failing to pay Plaintiffs and the Class vacation pay, sick pay, overtime pay, meal period premiums and rest break premiums at the correct legal rate;

c)  violations of Labor Code §§512 and 226.7, and the applicable IWC Wage Order, ¶11, by failing to provide and/or precluding Plaintiffs and the Class from taking a 30-minute restrictive-free meal period after working more than five hours per day and by failing to provide one hour of pay at Plaintiffs' and the Class's regular rates of compensation for each work day that the meal periods were not provided;

d)  violations of Labor Code §226.7 and the applicable Wage Order  ¶12, , by failing to provide and/or precluding Plaintiffs and the Class from taking rest periods and by failing to provide one hour of pay at Plaintiffs' and the Class's regular rates of compensation for each work day that the rest periods were not provided;

e)  violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiffs and the Class with accurate payroll and time records;

f)  violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiffs and the Class;

g)  violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiffs and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants or upon regularly scheduled pay days required by California law;

h)  violations of Labor Code § 2802, by not reimbursing for required business expenses;

i)   violations of Labor Code § 2101-2103 by not complying with the California quota laws.

j)   And/or any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

152.   Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs and the Class.

153.   The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiffs and the Class

154.   Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiffs and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiffs and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

155.   As a direct and proximate result of the unfair business practices of Defendants, Plaintiffs and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease

1    and desist from engaging in the practices described herein for the maximum time

2    permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

3        156.  The unlawful and unfair conduct alleged herein is continuing. Plaintiffs

4    believe and allege that if Defendants are not enjoined from the conduct set forth in

5    this Complaint, they will continue to violate the noted laws.

6        157.  Plaintiffs and the Class are also entitled to and hereby claim attorneys'

7    fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil

8    Procedure §1021.5), and any other applicable provision for attorney fees and costs,

9    based upon the violation of the underlying public policies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for judgment as follows:

1.    That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiffs as representatives of the Class and their attorneys as Class Counsel;

2.    For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3.    For restitution of all monies, wages, expenses, and costs due to Plaintiffs and the Class;

4.    For liquidated damages under Labor Code § 1194.2;

5.    For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, 2108, 2802, and Code of Civil Procedure § 1021.5;

6.    For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under Labor Code § 218.6;

7.    For all applicable statutory penalties recoverable under Labor Code §§203, 210, 226, 558, and as otherwise authorized by statute or law;

8.    For an injunction restraining Defendants from continuing to engage in

1    unlawful and unfair business practices in violation of Bus. & Prof. Code

2    §17200, et seq.;

3    9.    For injunctive relief under Labor Code § 2108 to obtain compliance with

4          Labor Code §§  2101-2103

5    10.   For any other appropriate declaratory relief;

6    11.   For all such other and further relief as the Court deems proper and just

7          under all the circumstances.

8

9                        **<u>DEMAND FOR JURY TRIAL</u>**

10   Plaintiffs demands a trial by jury for all claims so triable.

11

12

13   DATED: March 28, 2024              **BEN TRAVIS LAW, APC**

14

15                                     **HEWGILL, COBB & LOCKARD, APC**

16

17

18   _____

19                                     Ben Travis, Esq.

20                                     Justin Hewgill, Esq.
                                       Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT